

*NOT FOR PUBLICATION*
*NOT POSTED ON WEBSITE*

FILED

JUN - 6 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re                              )   Case No. 10-42260-E-13L
                                   )
CHAND K. SINGH,                    )
                                   )
            Debtor.                )
_____        )
                                   )
CHAND K. SINGH,                    )   Adv. Proc. No. 11-2049
                                   )   Docket Control No. NOS-1
            Plaintiff,             )
                                   )
v.                                 )
                                   )
U.S. BANK, et al.,                 )
                                   )
            Defendants.            )
_____        )

**MEMORANDUM OPINION DENYING MOTION OF DEFENDANT**
**U.S. BANK NATIONAL ASSOCIATION TO DISMISS PLAINTIFF'S COMPLAINT**

U.S. Bank, N.A. seeks this dismissal of this adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated by Federal Rule of Bankruptcy Procedure 7012. However, the document titled "motion" fails to properly plead the necessary elements of a motion to dismiss. The motion merely pleads that certain claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as the complaint "fails to state a claim upon which relief can be granted."

Federal Rule of Civil Procedure Rule 7(b), incorporated by

1   Federal Rule of Bankruptcy Procedure 7007, requires that "The
2   motion must: . . . (B) state with particularity the grounds for
3   seeking the order; and (C) state the relief sought." The pleading
4   titled "Motion" filed in this matter fails to establish the prima
5   facie case for the requested relief. Properly pleading the grounds
6   with particularity in the motion is not optional, but "must" be
7   done by the movant.  It is not for the court to traverse through
8   other pleadings or extensive points and authorities to piece
9   together the basis for movant's motion.

10      Burying the grounds for a motion (or lack of grounds) in a 19-
11  page points and authorities does not comply with the pleading rules
12  or effectively communicate the basis by which the court may choose
13  to grant the motion.  It is improper to shift the burden of a law
14  and motion practice to the other parties and the court to ferret
15  out the conceivable grounds for the motion from the arguments,
16  quotations, and citations set forth in the points and authorities.
17  The motion is denied without prejudice.

18  Dated: June 6 , 2011

20  RONALD H. SARGIS, Judge
United States Bankruptcy Court

2

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Peter Macaluso
7311 Greenhaven Dr #100
Sacramento, CA 95831

Chand Singh
38 Caprice Ct
Sacramento, CA 95832

Christina O
2112 Business Center Dr 2nd Fl
Irvine, CA 92612

Robert McWhorter
915 L St #1000
Sacramento, CA 95814

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814